THIS PROMISSORY NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND MAY NOT BE PLEDGED, HYPOTHECATED, TRANSFERRED, OFFERED FOR SALE OR SOLD EXCEPT PURSUANT TO A REGISTRATION UNDER SAID ACT OR AN OPINION OF COUNSEL, REASONABLY SATISFACTORY TO COUNSEL FOR THE PAYOR, THAT SUCH REGISTRATION IS NOT REQUIRED UNDER SAID ACT.

## PROMISSORY NOTE

$1,500,000                                                                                                        July 2, 2002

FOR VALUE RECEIVED, the undersigned (the "Payor") hereby promises to pay to Eurotai International Ltd, a Hong Kong corporation (the "Payee"), at 1702 Kodak House II, 321 Java Road, Hong Kong (or at such other address as the holder of this Promissory Note may specify by notice to the Payor), the principal amount of One Million Five Hundred Thousand Dollars ($1,500,000), and to pay interest upon the unpaid principal balance hereof at the per annum LIBOR rate of 2.6 percent. Interest on the principal amount hereof shall accrue from the date hereof and shall be due and payable annually, during the term of this Promissory Note, until payment in full of all obligations hereunder. The principal amount hereof shall be due and payable in full on December 2, 2004, together with any accrued but unpaid interest.

All payments hereunder shall be guaranteed by Spencer Trask Specialty Group LLC and made in United States ($) dollars and shall be applied first to accrued and unpaid interest and then to principal. The computation of interest payable hereunder shall be made on the basis of a 365-day year.

Upon the maturity hereof, Eurotai will have an option to convert the promissory note into 8,514 shares of SMBI.

If any payment shall become due hereunder on a Saturday, Sunday, or other day on which banking institutions in the City of New York are authorized to close, the due date thereof shall be extended to the next day on which such banking institutions are not authorized to close.

Default Provisions – Upon the occurrence of any of the following events, the entire unpaid principal balance hereof, together with all accrued and unpaid interest hereon, shall become forthwith due and payable:

(a)     Any failure by the Payor to make the payment of interest and/or principal within five (5) business days after the due date thereof;

(b)     The Payor shall make an assignment for the benefit of creditors, file a petition in bankruptcy, be adjudicated insolvent or bankrupt, petition or apply to any tribunal for the appointment of any trustee for it or a substantial part of its assets, or shall commence any proceedings under any bankruptcy, reorganization, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, whether now or hereafter in effect; or there shall have been filed any such petition or application or any such proceeding shall have been commenced against it, which remains undismissed for a period of ninety (90) days or more; or the Payor shall indicate in writing its consent to, approval of or acquiescence in any such petition, application or proceeding or the appointment of any trustee for it or any substantial part of its assets or shall suffer any such trusteeship to continue undischarged for a period of ninety (90) days or more; or



EXHIBIT 1

(c)  The Payor shall sell all or substantially all of its assets to an unaffiliated person or entity.

The Payor hereby waives presentment, demand for payment, notice of dishonor, notice of protest and protest, and all other notices or demands in connection with the delivery, acceptance, performance or default of this Promissory Note.

This Promissory Note shall be binding upon the Payor, and shall inure to the benefit of the Payee, and its successors and permitted assigns. The Payor may not assign or delegate any of its duties or obligations under this Promissory Note, except that it may so assign or delegate its duties and obligations to any affiliate thereof. The Payee may not assign any of its rights hereunder, including any right to payment, to any person or entity, without the prior written consent of the Payor.

This Promissory Note and the rights and obligations hereunder shall be governed by and construed in accordance with the internal laws of the State of Ohio, and cannot be changed orally.

IN WITNESS WHEREOF, the undersigned has duly executed and delivered this Promissory Note as of the day and year first above written.

Stolle Milk Biologics, Inc. (SMBI)
a Delaware corporation
By: _Donald F Farley_
Title: Chairman
Date: 7/2/02

ACCEPTED AND AGREED:

Eurotai International Ltd.
By: _Mozartsn_
Title: Executive Director
Date: _____

Spencer Trask Specialty Group LLC
By: _____
Title: Non-Member Manager
Date: 7/2/02

_Donna Baselice_ 7/2/02

DONNA BASELICE
Notary Public, State of New York
No. 01BA5041905
Qualified in New York County
Commission Expires April 10, ___

2

# Graydon Head & Ritchey LLP

*Attorneys at Law*

Michael A. Hirschfeld
Direct Dial: (513) 629-2806
E-Mail: mhirschfeld@graydon.com

December 9, 2004

**VIA FAX: 852-2590-9344 and 886-2-2935-6710**

Eurotai International Ltd.
1702 Kodak House II
321 Java Road
Hong Kong

Gentlemen:

We represent Stolle Milk Biologics, Inc. ("SMBI"), which issued to you a Promissory Note dated July 2, 2002 in the principal amount of $1,500,000 (the "Note"). We understand that you have agreed in a December 5, 2004 e-mail message to Mr. Con F. Sterling, Jr. of SMBI to extend payment of the Note until March 31, 2005, under the following conditions:

(1) Spencer Trask Specialty Group LLC will continue its guarantee to you of the payment in full of all principal and interest due through March 31, 2005. We have confirmed with Spencer Trask Specialty Group, LLC its agreement to the extension of its guarantee.

(2) Until December 31, 2005, SMBI will hold current pricing on all products sold to you and will provide special pricing on all shipments of SMP to China of $6.25/per kilogram.

(3) SMBI will pay all interest due as of December 31, 2004 to you on a timely basis.

(4) You will not consider any further extensions or exceptions in connection with the Note.

SMBI agrees to these conditions and appreciates your consideration in providing this extension.

Very truly yours,

GRAYDON HEAD & RITCHEY LLP

Michael A. Hirschfeld

MAH/jms
c: Donald F. Farley
   Con F. Sterling, Jr.
561969.1

**EXHIBIT 2**

www.graydon.com

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-7070
telephone (859) 282-8800
fax (859) 525-0214

**EUROTAI INTERNATIONAL LTD.**
14-5Fl., No.112 Chuan Shan N. Road Sec, Taipei, Taiwan, R.O.C.
Tel:886-2-25231958 ext15 Fax:886-2-25219478
erica@eurotai.com

Date : 22 March 2005

Stolle Milk Biologic Inc.
6954 Cornell road Suite 400
Cincinnati OH45242-3025

Attn: Mr. Donald Farley / Chairman

Dear Mr. Farley,

**RE: SMBI Promissory Note dated July 2 2002 for USD 1,500,0000.00**

We wish to write to remind you that the repayment of our loan as above promissory note is due to mature on December 2,2004 and Eurotai agreed to extend payment of the Note until March 31 2005 under certain conditions both SMBI and Eurotai agreed on December 5 2004. We kindly request you to effect payment to us on March 31 2005 for the amount as below:

| | |
|---|---|
| Principal amount | USD 1,500,000.00 |
| Interest at 2.6% PA as agreed | |
| (USD 1,500,000.00*2.6%*365-year of 2004) | 39,000.00 |
| (USD 1,500,000.00*2.6%*90/365) | 9,616.44 |
| | USD 1,548,616.44 |

Kindly remit the fund by T.T. to our Bank:
UBS AG, Stamford, Connecticut
SWIFT Address: UBSWUS33
For account of UBS AG, Hong Kong (CHIPS UID 136459)
A/C No. 101-WA-214019-000
For further credit to
A/C No. 217199
In name of Eurotai Internatioinal Ltd.

Thank you very much for your kind attention.

_____
Erica Hsu / Executive Director
Eurotai International Ltd.

# SPENCER TRASK

July 30, 2002

Eurotai International, Ltd.
1702 Kodak House II
321 Java Road
Hong Kong

Gentlemen,

Reference is made to the certain promissory note dated July __ 2002, by and between Eurotai International Ltd and Stolle Milk Biologics, Inc. (the "Note").

This is to confirm that the Spencer Trask Specialty Group LLC guarantees to Eurotai International Ltd the payment in full of all principal and interest payments due on the Note.

Very truly yours,

Spencer Trask Specialty Group, LLC

By: _____
Donald Farley, Chief Executive Officer

By: _____
Kevin Kimberlin, Non-member Manager



EXHIBIT 3

SPENCER TRASK SPECIALTY GROUP, LLC
535 MADISON AVENUE, NEW YORK, NY 10022

# SPENCER TRASK

December 17, 2004

Via E-Mail (Erica@eurotai.com) & mail

Erica Hsu
Eurotai International Ltd.
14-5 Fl., 112 Chung Shan North Road, Sec. 2
Taipei 104, Taiwan ROC

Dear Erica:

As a follow-up to the December 8, 2004 letter from Michael Hirschfeld of Graydon Head & Ritchey LLP (SMBI's law firm), I want to confirm the intent of Spencer Trask Specialty Group LLC as it relates to the loan guarantee. Spencer Trask Specialty Group LLC appreciates the loan extension and will continue its guarantee through March 31, 2005.

Very truly yours,

Donald F. Farley
Chief Executive Officer

DFF:em

cc: Michael Hirschfeld
    Patrick O'Brien
    Con F. Sterling, Jr.

SPENCER TRASK SPECIALTY GROUP, LLC
535 MADISON AVENUE, NEW YORK, NY 10022   TEL 212-326 9200  800-622-7078   FAX 212-486-7392

EXHIBIT 4

EUROTAI INTERNATIONAL LTD